MAC EAST, LLC, a Limited Liability
Company, Plaintiff–Appellee,

v.

SHONEY'S, a Limited Liability
Company, Defendant–
Appellant.

No. 07–11534.

United States Court of Appeals,
Eleventh Circuit.

Aug. 11, 2009.

James N. Nolan, Constagny, Brooks &
Smith, Birmingham, AL, for Defendant–
Appellant.

Dennis R. Bailey, Bethany L. Bolger,
Rushton, Stakely, Johnston & Garrett,
P.A., Montgomery, AL, Paul Oliver Woo-
dall, Jr., Birmingham, AL, for Plaintiff–
Appellee.

Before BLACK, CARNES and COX,
Circuit Judges.

PER CURIAM:

Our previous opinion in this case, *MAC
East, LLC v. Shoney's*, 535 F.3d 1293 (11th
Cir.2008), sets out the facts of this case.
That opinion addressed and resolved the
issues on appeal relating to MAC East's
tortious interference claim. The issues on
appeal relating to MAC East's breach of
contract claim, however, which asserted
that Shoney's breached its contract with
MAC East by withholding consent to MAC
East's proposed sublease, were left unre-
solved. Specifically, Shoney's challenged
in its appeal the district court's grant of
partial summary judgment in favor of
MAC East on its breach of contract claim
and the court's denial of Shoney's motion
for summary judgment on that claim. The
propriety of the district court's grant of

partial summary judgment to MAC East,
and its denial of summary judgment to
Shoney's, presented an issue of Alabama
law that we considered unclear. Accord-
ingly, we certified the following question to
the Alabama Supreme Court:

Under Alabama law, when an assign-
ment contract gives the assignor "sole
discretion" to withhold consent to the
assignee's proposed sublease, is the as-
signor's exercise of that discretion sub-
ject to a commercial reasonableness
standard, or any other standard?

535 F.3d at 1299. The Alabama Supreme
Court answered the question in the nega-
tive, holding that, when an assignment
contract grants the assignor the "sole dis-
cretion" to withhold consent to a proposed
sublease, the exercise of that "sole discre-
tion" is not subject to a commercial rea-
sonableness standard or any other stan-
dard. *Shoney's LLC v. MAC East, LLC,*
—— So. 3d ——, ——, 2009 WL 2343674,
at *6 (Ala. July 31, 2009).

Given the Alabama Supreme Court's an-
swer, the district court erred in concluding
that Shoney's exercise of its "sole discre-
tion" to withhold consent was subject to a
commercial reasonableness standard. In
the contract assigning the lease at issue,
called the Assignment Agreement, the par-
ties contracted for Shoney's to have "sole
discretion" to withhold consent to a pro-
posed sublease. Therefore, Shoney's did
not, as a matter of law, breach the Assign-
ment Agreement by withholding its con-
sent to a proposed sublease.

For these reasons, the district court
erred in granting MAC East summary
judgment as to liability on the breach of
contract claim and in denying Shoney's
summary judgment on that claim.

In our prior opinion, we held that the
district court erred in granting MAC East
partial summary judgment on the tortious
interference claim and in denying Shoney's

summary judgment on that claim, and reversed the district court's order granting partial summary judgment to MAC East on that claim. *MAC East*, 535 F.3d at 1298. Because we now conclude that the district court also erred in granting MAC East partial summary judgment on the breach of contract claim and in denying Shoney's summary judgment on that claim, we also reverse the district court's order granting partial summary judgment to MAC East on its breach of contract claim and direct the district court to enter summary judgment in favor of Shoney's on that claim. Because no portion of the judgment in favor of MAC East still stands, we need not address whether any attorney's fees awarded as part of that judgment were appropriate.

REVERSED AND REMANDED WITH INSTRUCTIONS.